RUCKER, J.,
dissenting.
I respectfully dissent. Mr. Montgomery is ensnarled in a trap that can best be characterized as a “Catch-22.”[1] He was fired from his job because of his age and seeks relief under Indiana’s Age Discrimination Act. The majority says he is entitled to no such relief because his remedy is with the Federal Act. But Kimel teaches that persons like Mr. Montgomery must seek relief under state statutes. Indeed Kimel itself identified Indiana as among a majority of states in which “employees are protected by state age discrimination statutes, and may recover money damages from their state employers.... ” Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). So here we have an employee fired because of age but in effect has no remedy, according to today’s opinion, despite both state and federal legislation designed to protect employees fired because of age. Certainly the legislature could not have intended the result reached in this case.

. A ''Catch-22” is generally understood as a no-win situation or paradox. The title of a novel, the term referred to a fictional Air Force rule which regarded a pilot who continued to fly combat missions without asking for relief as insane and therefore exempt from flight duty, but deemed the pilot sane enough to continue flying as soon as he did make such a request. This paradox inspired one of the novel’s characters to proclaim, "That's some catch, that Catch-22.” Joseph Heller, Catch-22 46 (1961).